# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **-v-**　　　　　　　　　　　　　　　　　　　　　　Case No. 03-C-1234
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(01-CR-125)
**JAMES BATEMON, JR.,**

    **Movant.**

## DECISION AND ORDER

Before the Court is James Batemon's motion to vacate, set-aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He bases his motion on four claims, all of which are without merit.

On September 21, 2001, Batemon pled guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was subsequently sentenced to 46 months imprisonment for the § 922(g) offense, and a consecutive term of 60 months for the § 924(c) offense, for a total of 106 months imprisonment.

Batemon now challenges his conviction and sentence in his § 2255 motion that is before the Court. He argues that (1) his guilty plea is defective because it lacks a factual basis, (2) his guilty plea is defective because the Court failed to inform him of the elements of the § 924(c) offense and the maximum penalty associated with that offense,

(3) that he received ineffective assistance of counsel because his counsel failed to inform him of the elements of the § 924(c) offense, and (4) that he received ineffective assistance of counsel because his trial attorney misrepresented to Batemon that he could appeal his pretrial motion. None of these claims entitle Batemon the relief he seeks.

I.      The Claim Alleging a Lack of Factual Basis

It has long been held that a § 2255 motion is not an opportunity to revisit issues that have already been decided on direct appeal. The Seventh Circuit has held, therefore, that a § 2255 motion can only raise an issue already considered on direct appeal if there is a showing of changed circumstances. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

With respect to Batemon's claim that his plea lacked a factual basis, that issue was already decided by the Seventh Circuit in his direct appeal. The Seventh Circuit held that "[Batemon] was charged with possessing a firearm 'in furtherance of' a drug crime, and the record supplies an ample factual basis for a plea of guilty to that charge." *United States v. Batemon*, No. 01-4068, 2002 WL 31470383, at *1 (7th Cir. Oct. 25, 2002). Because Batemon has failed to show that there were any changed circumstances of fact or law that would necessitate reconsidering the issue of factual basis since the Seventh Circuit's decision, the Court must dismiss it. *See Olmstead*, 55 F.3d at 319.

II.   The Court's Alleged Failure to Inform Batemon of the Elements and Maximum Penalty of His Offense

Batemon claims that, while the Court informed him of the elements and maximum penalty of his § 922(g) charge, it failed to inform him of the elements and maximum penalty of his § 924(c) charge. This failure, according to Batemon, was a violation Federal Rule of Criminal Procedure 11(b)(1) and makes his plea defective.

A review of the record, though, reveals that the Court complied with Rule 11 and informed him of the nature of the § 924(c) charge and the maximum penalty he faced. The Court explained to Batemon that the charge was that he "used a firearm in relation to drug trafficking," (R. 33, p. 9), and the maximum sentence for that crime was "life imprisonment." (R. 33, p. 11). Accordingly, Batemon's claim is without merit.

III.   Ineffective Assistance of Counsel for Failing to Inform Batemon of the Elements of § 924(c)

Batemon further argues that his plea is defective because his attorney, in violation of Batemon's Sixth Amendment Right to effective counsel, failed to inform him of the elements of the § 924(c) charge. However, the record explicitly refutes Batemon's contention. The change of plea transcript reveals that at the hearing, an off-the-record discussion was held between Batemon and his attorney. After this discussion, his counsel requested that "the record reflect that we briefly discussed the information count (the § 924(c) charge) again; and I explained to my client that Count 2 of the original indictment was being dismissed and this was in lieu of that, as I explained earlier to him in the

3

Waukesha County Jail." (R. 33, pp. 10-11). The Court then confirmed that with Batemon. (*Id.*) This discussion shows that Batemon and his attorney discussed the § 924(c) charge at least twice, which undermines his claim here to the contrary. As such, his claim is without merit and must be dismissed.

IV.  <u>Ineffective Assistance of Counsel for Misrepresenting to Batemon his Right to Appeal</u>

Finally, Batemon alleges that his trial counsel was ineffective because his attorney misinformed him regarding his right to appeal and his chances for success on appeal. Specifically, he alleges his trial attorney told him that an unconditional guilty plea still permitted him to argue on appeal that particular evidence should have been suppressed. As the Seventh Circuit already indicated on direct appeal, if that advice was given, it was wrong. *United States v. Batemon*, No. 01-4068, 2002 WL 31470383, at *1 (7th Cir. Oct. 25, 2002). Only a conditional plea preserves issues for appeal. *See* FED. R. CRIM. P. 11(a)(2).

To establish ineffective assistance of counsel, Batemon must not only establish that his counsel's representation was objectively unreasonable, but also that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Thus, even if his trial counsel's representation was deficient, Batemon is not entitled to relief unless he can show that such deficiency prejudiced Batemon. This, Batemon is unable to show.

4

Prior to his plea, Batemon's trial attorney attempted to suppress all the evidence that was obtained pursuant to a search warrant that his attorney argued was void. The warrant was void, according to Batemon's trial attorney, because it was stale on its face according to applicable Wisconsin state law. The Court denied Batemon's motion to suppress because the federal constitution, and not state law, governed the admissibility of evidence in federal court. *See United States v. Singer*, 943 F.2d 758, 761 (7th Cir. 1991). Thus, even if Batemon had agreed to a conditional plea that would have allowed him to challenge the Court's ruling on direct appeal, he surely would have lost on direct appeal anyway. Batemon's only challenge of the warrant was that it was defective under state law, which is irrelevant according to the holding of *Singer*. Accordingly, Batemon was not prejudiced, which necessarily defeats his ineffective assistance of counsel claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Batemon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket #1) is **DISMISSED.**

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2005.

                      **SO ORDERED,**

                      **s/ Rudolph T. Randa**
                      **HON. RUDOLPH T. RANDA**
                      Chief Judge