# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

**v.**                                                                **Case No. 03-C-1234**

**JAMES BATEMON, JR.,**

                **Movant.**

## DECISION AND ORDER

James Batemon, Jr. ("Batemon") filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 4, 2005, this Court issued a decision and order denying Batemon's motion. On December 28, 2005, Batemon filed an application for a certificate of appealability to appeal this Court's judgment.

The procedures governing the issuance of certificates of appeal for § 2255 motions are found in 28 U.S.C. § 2253 and Rule 22 of the Federal Rules of Appellate Procedure. A movant can file an appeal only if "a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). After the movant files a notice of appeal, the district judge who adjudicated the motion must "either issue a certificate of appealability or state why a certificate should not issue." *Id.* The appellant must specify those issues that substantially show the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3).

To obtain a certificate of appeal, the movant must show that reasonable jurors could debate whether the Court should have resolved the motion differently. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). However, the movant need not show that some jurists would have granted the petition. *Id.* at 338. Rather, the movant need only demonstrate that a reasonable jurist could find the Court's resolution debatable. *Id.*

Batemon, in his application for a certificate, sets forth reasons why he believes reasonable jurors could find the Court's denial of his motion to be debatable. He alleges four grounds for appeal. First, he claims his guilty plea was defective because it lacks a factual basis. Second, he alleges that his guilty plea is defective because the Court failed to inform him of the elements of the § 924(c) offense and the maximum penalty associated with that offense. Third, he argues that he received ineffective assistance of counsel because his counsel failed to inform him of the elements of the § 924(c) offense. And finally, he claims that he received ineffective assistance of counsel because his trial attorney misrepresented to Batemon that he could appeal his pretrial motion.

Based on the foregoing, Batemon has identified those issues that justify his claim of a constitutional deprivation. Furthermore, he has established that reasonable jurists could debate the proper resolution of his § 2255 motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Batemon's Application for a Certificate of Appealability (Docket No. 7) is **GRANTED.**

Dated at Milwaukee, Wisconsin this 20th day of January, 2006.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**